UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PATRICIA KAY CHAPMAN                                                              PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 3:15CV251-TSL-RHW

DODGE COUNTY HUMAN SERVICES                                                   DEFENDANT

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

This matter is before the Court for consideration pursuant to 28 U.S.C. § 1915(e)(2). On April 3, 2015, Plaintiff Patricia Kay Chapman filed a three-page complaint. Doc. [1]. She also filed a motion for leave to proceed *in forma pauperis*. Doc. [2]. The Court granted Chapman's motion to proceed *in forma pauperis*. Doc. [3]. In her complaint she names as defendant Dodge County Human Services, which appears to be a governmental entity in Wisconsin. Chapman alleges that she is a citizen of Hinds County, Mississippi. She invokes federal jurisdiction on the basis that she does "not feel safe in the State of Wisconsin." Doc. [3] at 1. In her complaint she alleges that Defendant illegally took her children away from her, that Defendant has discriminated against her because of her handicap, and that Defendant has violated her due process rights as well as the civil rights of herself and her children. She seeks $3.3 million in damages and the return of her children.

Under 28 U.S.C. § 1915(a), the Court may allow a plaintiff to proceed without the prepayment of fees. However, the court must "dismiss [an IFP] case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss

a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); *see Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994). Under the statute, "[a] claim may be dismissed for failure to state a claim upon which relief can be granted if, assuming all well-pleaded facts are true, the plaintiff has not stated enough facts to state a claim to relief that is plausible on its face." *Jones v. McDuffie*, 539 F.App'x 435 (5th Cir. 2013)(per curiam)(internal quotation marks omitted).

To properly state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The undersigned concludes that with respect to her central claim, Plaintiff has failed to demonstrate subject-matter jurisdiction. "The requirement that jurisdiction be established as a threshold matter . . . is 'inflexible and without exception.'" *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, Coldwater & Lake Mich. Ry. v. Swan*, 111 U.S. 379, 382 (1884)). Federal courts are courts of limited jurisdiction and must dismiss an action, *sua sponte*, if jurisdiction is lacking. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED.R.CIV.P. 12(h)(3). Plaintiff invokes

federal jurisdiction because she resides in Mississippi and not in Wisconsin. She explains that she does not feel safe in Wisconsin, which is why she filed her case in federal court. Liberally construed, Plaintiff is invoking federal diversity jurisdiction because Plaintiff and Defendant are citizens of different states.

As an initial matter, the Court notes that Defendant may be immune from suit based on the defense of sovereign immunity. *See Richardson v. Southern University*, 118 F.3d 450, 452 (5th Cir. 1997). An non-consenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another state. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984). The immunity provided by the Eleventh Amendment bars lawsuits against state agencies that are considered arms of the state. *See Richardson*, 118 F.3d at 452; *William v. Berry*, 977 F. Supp. 2d. 621, 628 (S.D. Miss. 2013). Here, Chapman is a citizen of Mississippi attempting to sue what appears to be an agency of the state of Wisconsin.

Even if the Court were able to establish definitively that Defendant is a state governmental agency, a state's immunity is not absolute. Rather, state sovereign immunity is an affirmative defense. *Union Pacific R. Co. v. Louisiana Public Service Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011). Defendant bears the burden of proof in demonstrating that it is an arm of the state entitled to Eleventh Amendment immunity. *Skelton v. Camp*, 234 F.3d 294, 297 (5th Cir. 2000); *Hutto v. South Carolina Retirement System*, 773 F.3d 536, 543 (4th Cir. 2014)(holding that sovereign immunity is akin to an affirmative defense and that the defendant bears the burden of demonstrating entitlement to sovereign immunity). Nor need a court raise the defect on its own. Unless the state raises the matter, a court can ignore it. *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 389 (1998); *cf. Grand Nursery, Inc. v. United States*, 318 F.3d 631, 637

n.1 (5th Cir. 2003)(citing with approval *Jones v. United States*, 255 F.3d 507, 511 (8th Cir. 2001), where the Eighth Circuit held that "[i]t is axiomatic that because sovereign immunity implicates our subject matter jurisdiction, the issue may not be waived and the government may raise it at any stage. . . . Indeed, in cases implicating subject matter jurisdiction, federal courts are obliged to raise the issue *sua sponte*"). Based on the current pleadings, the Court is unable to determine whether the doctrine of sovereign immunity should apply.

Regardless of whether sovereign immunity bars Plaintiff's lawsuit, her central claim lies outside the scope of federal diversity jurisdiction. As a general rule, federal courts abstain from exercising jurisdiction over cases involving child custody. *See Congleton v. Holy Cross Child Placement Agency, Inc.*, 919 F.2d 1077, 1078-79 (5th Cir. 1990); *Rykers v. Alford*, 832 F.2d 895, 899-900 (5th Cir. 1987); *Franks v. Smith*, 717 F.2d 183, 185 (5th Cir. 1983). It is unclear from the complaint whether Chapman is challenging a prior state court custody determination or simply seeking a child custody decree from this Court. Regardless, the Court lack's jurisdiction over the issue of child custody. As the Supreme Court has held, federal courts do not have jurisdiction over collateral challenges to child custody determinations by state courts. *See Lehman v. Lycoming County Children's Services*, 458 U.S. 502, 510-12 (1982). Even if there is no state court decree in effect, the domestic relations exception to federal diversity jurisdiction divests federal courts of the power to issue child custody decrees in the first instance. *See Ankenbrandt v. Richards*, 504 U.S. 689, 702-03 (1992).

Although the undersigned concludes that the court lacks diversity jurisdiction over Plaintiff's claim for child custody, the inquiry does not end there. Plaintiff also asserts that Defendant discriminated against her due to her handicap and violated her due process and civil

4

rights.  Plaintiff has asserted claims that nominally appear to fall within the scope of federal-question jurisdiction.  The undersigned recognizes that in some circumstances constitutional violations in the domestic relations context may serve as a basis for federal jurisdiction.  *See Franks*, 717 F.2d 183, 185 (5th Cir. 1983).  However, in this case, the undersigned finds that Plaintiff has failed to state a claim for constitutional relief.  She provides absolutely no factual basis for her assertions that the Defendant discriminated against her or violated her due process or civil rights.  Hence, her factual allegations are insufficient to rise above the speculative level.  *See Bell Atl. Corp.*, 550 U.S. at 555.  With respect to alleged constitutional violations, Chapman's complaint lacks sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *See Ashcroft*, 556 U.S. at 678.  Mere legal conclusions, such as those contained in Plaintiff's complaint, are not sufficient to meet the pleading requirements for the alleged constitutional violations.  *Id.* at 678-79.  Accordingly, the undersigned concludes that Plaintiff has failed to demonstrate subject-matter jurisdiction over her child custody claim and that she has failed to state a claim with respect to any alleged constitutional violations.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Court dismiss Plaintiff's complaint for failing to demonstrate subject matter jurisdiction and for failing to state a federal constitutional claim.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless

the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 29th day of May, 2015.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE